IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

BILAL ABOOD

NO. 3:15-CR-256-K

## FACTUAL RESUME

In support of Bilal Abood's plea of guilty to Count One of the Superseding

Indictment, charging a violation of 18 U.S.C. § 1001, that is making a false statement to a

federal agency, Abood and his attorney, Heath Hyde, agree and stipulate to the following:

**Elements of 18 U.S.C. § 1001**

In order to prove the offense of False Statement to a Federal Agency, as alleged in

Count One of the Superseding Indictment, the government must prove each of the

following elements beyond a reasonable doubt:

*First*:      That the defendant made a false, fictitious, or fraudulent statement or
representation to an agent of the Federal Bureau of Investigation
regarding a matter within its jurisdiction;

Factual Resume - Page 1

*Second*:      That the defendant made the statement intentionally and willfully, knowing that it was false;

*Third*:      That the statement was material;

*Fourth*:      That the defendant made the false statement for the purpose of misleading the Federal Bureau of Investigation; and

*Fifth*:      That the materially false statement or representation involved international terrorism (as defined in 18 U.S.C. § 2331).

**Punishment**

The maximum penalties the Court can impose for each count include:

a.  imprisonment for a period not to exceed eight years;

b.  a fine not to exceed $250,000, or twice any pecuniary gain to Abood or loss to any victim(s);

c.  a term of supervised release for any term of years or life, which will follow any term of imprisonment.  If Abood violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.  a mandatory special assessment of $100;

e.  restitution to victims or to the community, which is mandatory under the law, and may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone; and

f.  costs of incarceration and supervision.

**Constitutional Rights and Waiver of Those Rights**

Abood understands that he has the right:

a.  to plead not guilty;

b.  to have a trial by jury;

    c.  to have his guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in his

       defense; and

    e.  against compelled self-incrimination.

Abood, however, waives these rights and pleads guilty to Count One. Abood understands the nature and elements of the crime to which he is pleading guilty and he acknowledges that this factual resume that he has reviewed and signed is true and will be submitted as evidence.

## Sentencing

Abood understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Abood has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Abood understands that he will not be allowed to withdraw his plea if his sentence is higher than expected. Abood fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

Abood reserves the right to argue at sentencing that any enhancements, including the terrorism enhancement of the United States Sentencing Guidelines (USSG) § 3A1.4, do not apply.

## Stipulated Facts

On April 14, 2015, in the Dallas Division of the Northern District of Texas, the defendant, **Bilal Abood,** did knowingly and willfully make a materially false, fictitious, and fraudulent statement, in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), when he told FBI Special Agents (SAs) that he had never pledged allegiance to Abu Bakr al-Baghdadi, the leader of ISIL. This conduct violates 18 U.S.C. § 1001, as charged in Count One.

Abood admits that on or about October 15, 2004, the United States Secretary of State designated Al-Qaida in Iraq (AQI), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Excutive Order 13224. Abood further admits that on May 15, 2014, the Secretary of State amended the designation of AQI as a Foreign Terrorist Organization (FTO) under Section 219 of the Immigration and Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant (ISIL) as its primary name, and the Secretary also added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham, the Islamic State of Iraq and Syria (ISIS), ad-Dawla al-Islamiyya fial-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. Abood stipulates

Factual Resume - Page 4

that Abu Bakr al-Baghdadi is the self-proclaimed leader of ISIL, and he was designated as a Specially Designated Global Terrorist on October 4, 2011. Abood further stipulates that ISIL and Abu Bakr al-Baghdadi remain so designated to date.

Abood admits that on March 29, 2013, he attempted to depart the United States at Dallas Fort Worth International Airport (DFW), but was denied boarding on an international flight. Abood was interviewed by FBI SAs at the airport and stated he was merely planning to travel to Iraq to visit family. On April 4, 2013, Abood admitted to FBI SAs that his intent on March 29, 2013 was to travel to Syria to fight the regime of Bashar Al Assad.

On or about April 29, 2013, Abood left the United States through Mexico and traveled through various countries into Syria.

On September 16, 2013, Abood returned to the United States and admitted to FBI agents that he had traveled to Syria, but he denied supporting any terrorist groups.

A search warrant was conducted on Abood's computers on July 9, 2014. A review of that computer revealed that on or about June 19, 2014, Abood stated, while using his twitter handle *@ibnalislaam*, "I pledge obedience to the Caliphate Abu Bakr al-Baghdadi."

Abood admits that on April 14, 2015, FBI SAs advised him that lying to a federal agent is a crime. Abood further stipulates that on that date, he falsely told FBI agents that he had never pledged allegiance to Abu Bakr al-Baghdadi. Abood admits that he was

**Factual Resume - Page 5**

aware that the FBI agents were investigating a matter which they suspected could involve international terrorism.

## Voluntariness of the Plea of Guilty

Abood has thoroughly reviewed all legal and factual aspects of this case with his attorney, and he is fully satisfied with his attorney's legal representation.  Because he concedes that he is guilty, and after conferring with his attorney, Abood has concluded that it is in his best interest to plead guilty rather than to proceed to trial in this case. Abood stipulates that this plea of guilty is freely and voluntarily made and is not the result of force or threats.  Abood acknowledges that there have been no guarantees or promises from anyone as to what sentence the Court will impose.

## Appellate Rights

Abood understands that he has retained his appellate rights and that he has the ability to file a Notice of Appeal to appeal his conviction or sentence, which must be filed within 14 days of the filing of the Judgment.  Abood agrees that within 14 days of the filing of the Judgment that, if he wishes to appeal, he will personally write to the United States Clerk for the Northern District of Texas at the **Office of the United States District Clerk, Northern District of Texas, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242**, and request that the Clerk file a Notice of Appeal.  Abood further understands and agrees that within 14 days of the filing of the Judgment that, if he wishes to appeal, he

will personally contact his attorney and request that a Notice of Appeal be filed in his

case.


AGREED TO AND SIGNED this 20 day of September, 2015.



X _____
BILAL ABOOD
Defendant

_____
HEATH HYDE
Attorney for Defendant