```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE NORTHERN DISTRICT OF TEXAS

 3                            DALLAS DIVISION

 4
    UNITED STATES OF AMERICA,    )         3:15-CR-256-K
 5            Government,        )
                                 )
 6                               )
    VS.                          )         DALLAS, TEXAS
 7                               )
                                 )
 8  BILAL ABOOD,                 )
              Defendant.         )         October 13, 2015
 9

10
                  TRANSCRIPT OF REARRAIGNMENT HEARING
11
              BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ
12
                   UNITED STATES MAGISTRATE JUDGE
13

14
    A P P E A R A N C E S:
15

16
    FOR THE GOVERNMENT:        MR. J. MARK PENLEY
17                             UNITED STATES DEPARTMENT OF JUSTICE
                               NORTHERN DISTRICT OF TEXAS
18                             U.S. Courthouse, Third Floor
                               1100 Commerce Street
19                             Dallas, Texas  75242
                               mark.penley@usdoj.gov
20                             (214) 659-8600

21
                               MS. LARA L. BURNS
22                             UNITED STATES DEPARTMENT OF JUSTICE
                               NORTHERN DISTRICT OF TEXAS
23                             U.S. Courthouse, Third Floor
                               1100 Commerce Street
24                             Dallas, Texas  75242
                               lara.burns@usdoj.gov
25                             (214) 659-8600
```

```
 1   FOR THE DEFENDANT:         MR. HEATH ENIX HYDE
                                Law Office of Heath Hyde
 2                              214 Connally Street, Suite A
                                Sulphur Springs, Texas  75482
 3                              heathhyde@sbcglobal.net
                                (903) 439-0000
 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19   COURT REPORTER:            MR. TODD ANDERSON, RMR, CRR
                                United States Court Reporter
20                              1100 Commerce St., Rm. 1625
                                Dallas, Texas  75242
21                              (214) 753-2170

22

23          Proceedings reported by mechanical stenography and

24   transcript produced by computer.

25
```

```
 1              REARRAIGNMENT HEARING - OCTOBER 13, 2015
 2                       P R O C E E D I N G S
 3         THE COURT:  Mr. Bilal Abood, 3:15-CR-256-K.
 4         MR. PENLEY:  Mark Penley appearing for the
 5   Government, Your Honor, along with Lara Burns.
 6         THE COURT:  Sir, if you would please raise your right
 7   hand and be sworn.
 8         (The Defendant was sworn)
 9         THE COURT:  You can put your hand down.
10         Do you understand, sir, that you are now under oath
11   and that if you answer any of my questions falsely that you
12   could later be prosecuted for perjury or making a false
13   statement?
14         THE DEFENDANT:  Yes, ma'am.
15         THE COURT:  Tell me your whole name for the record.
16         THE DEFENDANT:  Bilal Hamed Abood.
17         THE COURT:  How old are you, sir?
18         THE DEFENDANT:  37.
19         THE COURT:  How much education have you had?
20         THE DEFENDANT:  Huh?
21         THE COURT:  How much education have you had?
22         THE DEFENDANT:  Two years college.
23         THE COURT:  And, Mr. Hyde, can you move the
24   microphone down just a little bit for him?
25         MR. HYDE:  Yes.
```

1           THE COURT:  Thank you.
2           Sir, within the last six months have you been under
3  the care of any doctor?
4           THE DEFENDANT:  Say it again, ma'am?
5           THE COURT:  Within the last six months have you been
6  under the care of a doctor?
7           THE DEFENDANT:  No.
8           THE COURT:  Have you ever been hospitalized or
9  treated for narcotics addiction or alcoholism?
10          THE DEFENDANT:  No, ma'am.
11          THE COURT:  Have you ever been diagnosed with any
12 emotional or mental disability or problem?
13          THE DEFENDANT:  I was in the hospital, but I don't
14 know.  I don't think I was diagnosed, no.
15          THE COURT:  Okay.  Do you remember what you were in
16 the hospital for?
17          THE DEFENDANT:  Depression.
18          THE COURT:  All right.  How long ago was that?
19          THE DEFENDANT:  Two weeks, three weeks.
20          THE COURT:  Three weeks ago?
21          THE DEFENDANT:  Oh, 2010.
22          THE COURT:  2010.
23          Okay.  Since 2010, have you been in the hospital?
24          THE DEFENDANT:  No, ma'am.
25          THE COURT:  All right.  Are you taking any medication

```
 1   for the condition of depression or any other condition?
 2             THE DEFENDANT:  I think they do give me, yes, ma'am.
 3             THE COURT:  How long has it been since you took that
 4   medication?
 5             THE DEFENDANT:  They give me in prison.
 6             THE COURT:  Okay.  So you're taking it right now?
 7             THE DEFENDANT:  At bedtime that's what they give me.
 8   They said for nightmares.
 9             THE COURT:  Does this medication in any way ever
10   cause you to be confused or not know what you're doing?
11             THE DEFENDANT:  No, ma'am.
12             THE COURT:  Are you now under the influence of
13   alcohol or any drug other than the medication that they give
14   you at the prison?
15             THE DEFENDANT:  No, ma'am.
16             THE COURT:  Is there anything that you know of that
17   might in any way affect your ability to understand why you're
18   here today and what you're going to do?
19             THE DEFENDANT:  No, ma'am.
20             THE COURT:  Are you comfortable that you do fully
21   understand what it is that you're here for?
22             THE DEFENDANT:  Yes, ma'am.
23             THE COURT:  Any reason to believe that Mr. Abood is
24   not fully competent to enter a plea of guilty?
25             MR. HYDE:  No, Your Honor.
```

```
 1              THE COURT:  Do you believe his plea will be a knowing
 2   and voluntary plea?
 3              MR. HYDE:  It is, Your Honor.
 4              THE COURT:  Do we have a consent form?
 5              MR. HYDE:  Yes.
 6              THE COURT:  Oh, I have it here.
 7              All right.  Mr. Abood, I have here a signed notice
 8   and consent form that I'm holding up.  Can you see the
 9   signature here at the bottom?
10              THE DEFENDANT:  Yes, ma'am.
11              THE COURT:  Is this your signature?
12              THE DEFENDANT:  Yes, ma'am.
13              THE COURT:  Did you read this notice and consent
14   before you signed it?
15              THE DEFENDANT:  Yes, ma'am.
16              THE COURT:  Did you discuss it with Mr. Hyde?
17              THE DEFENDANT:  Yes, ma'am.
18              THE COURT:  Do you still want to go forward today
19   before a magistrate judge?
20              THE DEFENDANT:  Yes, ma'am.
21              THE COURT:  I find that consent has been given
22   knowingly and voluntary, and we will proceed with the proposed
23   plea.
24              You have the right to plead not guilty to any offense
25   charged against you.  If you plead not guilty, the Constitution
```

```
 1   guarantees you certain rights:  the right to a speedy and
 2   public trial by a jury in this district; the right at trial for
 3   you to see, hear, and cross-examine all witnesses against you;
 4   the right to use the power and process of the Court to compel
 5   the attendance of witnesses and production of evidence in your
 6   favor; the right to the assistance of an attorney at all stages
 7   of the proceedings.  If you cannot afford an attorney, one
 8   would be appointed for you.
 9              You could not be compelled to testify at trial.
10   Whether or not you would testify would be your decision.  The
11   Government would have to prove your guilt beyond a reasonable
12   doubt.  And if you were convicted, you would have the right to
13   appeal your conviction.
14              Do you understand that you have and are guaranteed
15   each of these rights?
16              THE DEFENDANT:  Yes, ma'am.
17              THE COURT:  On the other hand, if you plead guilty
18   and if the District Judge accepts your plea, there's not going
19   to be a trial.  By pleading guilty you're giving up that right
20   as well as those other rights that go with a trial that I just
21   described.  If you plead guilty, you will be convicted of the
22   offense charged in the indictment.
23              Do you understand the consequences of pleading
24   guilty?
25              THE DEFENDANT:  Yes, ma'am.
```

1        THE COURT: In Federal court it is the Judge who
2   decides the sentence whether a defendant is convicted by a jury
3   or upon a plea of guilty.
4        The United States Sentencing Commission issued
5   guidelines for judges to follow in deciding the appropriate
6   sentence in a criminal case.  The Supreme Court later found
7   that those guidelines were not mandatory, only advisory.  That
8   means that the Judge has to consider how the guidelines might
9   apply in your case, but he's not require to follow them.
10       Have you and Mr. Hyde talked about these guidelines
11  and how they might apply in your case?
12       THE DEFENDANT: Yes, ma'am.
13       THE COURT: Even so, do you understand that you
14  should not depend or rely upon any statement or assurance by
15  anyone as to what sentence you'll get because only the Judge
16  can make that decision?
17       THE DEFENDANT: Yes, ma'am.
18       THE COURT: The Judge won't make his decision until
19  after a presentence report has been prepared by the probation
20  officer.  To prepare that report, the probation officer
21  interviews you as well as the agents of the Government about
22  the facts of the case.
23       The officer may also consider a document filed in
24  this case called a factual resume.  It lists facts that you've
25  agreed to.  You should know that the probation officer is not

1  limited to this document.  The officer can consider facts that
2  are not listed in the factual resume and disregard facts that
3  are.  If that happens, you may not be permitted to withdraw
4  your plea of guilty.  You will, however, have an opportunity
5  through your attorney to object to the presentence report.
6           In order to decide your sentence, the Judge will
7  consider the report, your objections, and any evidence
8  presented at the sentencing hearing.
9           You do have the right to appeal whatever sentence you
10 get unless you give up that right.  In some cases the
11 Government also has the right to appeal.
12          Parole has been abolished, so if you're sentenced to
13 prison you will not be released on parole.
14          Do you understand generally how the process of
15 sentencing works?
16          THE DEFENDANT:  Yes, ma'am.
17          THE COURT:  Now, you have Mr. Heath Hyde appearing
18 with you today as your attorney.  Have you had a full
19 opportunity to talk to him about your case and your proposed
20 plea of guilty?
21          THE DEFENDANT:  Yes, ma'am.
22          THE COURT:  Are you fully satisfied with the
23 representation and advice that you've received from him in
24 connection with your case and your proposed plea of guilty?
25          THE DEFENDANT:  Yes, ma'am.

1               THE COURT:  Did you get a copy of the indictment
2    against you?
3               THE DEFENDANT:  Yes, ma'am.
4               THE COURT:  Have you read it?
5               THE DEFENDANT:  Yes, ma'am.
6               THE COURT:  You have the right to have the indictment
7    read out loud to you at this time, but you may waive the
8    reading of the indictment.  What would you like to do?
9               THE DEFENDANT:  Waive it.
10              THE COURT:  I am going to ask the Assistant United
11   States Attorney to set out what we call the essential elements
12   of the offense.  This is what the Government would have to
13   prove at trial to convict you on this charge.  And I'll ask you
14   some questions about the elements when he's done.
15              Mr. Penley.
16              MR. PENLEY:  Thank you, Your Honor.
17              And, Your Honor, for the record, the operative
18   pleading at this point in time is the Government's superseding
19   indictment, so I will refer to that.
20              In order to prove the offense of false statement to a
21   federal agency as alleged in Count One of the superseding
22   indictment, the Government must prove each of the following
23   elements beyond a reasonable doubt:
24              First:  That the defendant made a false, fictitious,
25   or fraudulent statement or representation to an agent of the

```
 1   Federal Bureau of Investigation regarding a matter within its
 2   jurisdiction.
 3               Second:  That the defendant made the statement
 4   intentionally and willfully knowing that it was false.
 5               Third:  That the statement was material.
 6               Fourth:  That the defendant made the false statement
 7   for the purpose of misleading the Federal Bureau of
 8   Investigation; and
 9               Fifth:  That the materially false statement or
10   representation involved international terrorism as that term is
11   defined in 18 United States Code, Section 2331.
12               And, Your Honor, for the record that last element is
13   in there because the Apprendi decision out of the Supreme
14   Court.
15               Thank you, Your Honor.
16               THE COURT:  Sir, do you understand each of these
17   essential elements?
18               THE DEFENDANT:  Yes, ma'am.
19               THE COURT:  Do you admit that you committed each of
20   these essential elements?
21               THE DEFENDANT:  Yes, ma'am.
22               THE COURT:  A defendant who is accused of a crime
23   cannot plead guilty unless he is actually guilty of that crime.
24   If you plead guilty, your plea should not be prompted or
25   induced by any promises, pressure, threats, force, or coercion
```

```
1   of any kind.  A plea of guilty has to be purely voluntary, and
2   you should plead guilty only because you are guilty and for no
3   other reason.
4              Has anyone in any way tried to make you or get you to
5   plead guilty in this case?
6              THE DEFENDANT:  No, ma'am.
7              THE COURT:  Mr. Hyde, is there a plea agreement?
8              MR. HYDE:  No, Your Honor.
9              THE COURT:  Sir, do you understand --
10             (Pause)
11             THE COURT:  Sir, are you a citizen of the United
12  States?
13             THE DEFENDANT:  Yes, ma'am.
14             THE COURT:  All right.  Do you understand that you're
15  pleading guilty to a felony and that conviction of a felony
16  could deprive you of valuable rights of citizenship, such as
17  the right to vote and the right to own a gun?
18             THE DEFENDANT:  Yes, ma'am.
19             THE COURT:  In addition to that, you will face
20  certain penalties and consequences if convicted on this charge.
21  Mr. Penley is going to set those out.
22             MR. PENLEY:  Your Honor, the maximum penalties the
23  Court can impose for Count One of the superseding indictment
24  include:
25             Imprisonment for a period not to exceed eight years.
```

1              A fine not to exceed $250,000.00, or twice any
2    pecuniary gain to Mr. Abood or loss to any victims.
3              A term of supervised release for any term of years or
4    life, which will follow any term of imprisonment.  If Mr. Abood
5    violates the conditions of supervised release, he could be
6    imprisoned for the entire term of supervised release.
7              A mandatory special assessment of $100.00.
8              Restitution to victims or to the community, which is
9    mandatory under the law, and may include restitution arising
10   from all relevant conduct, not limited to that arising from the
11   offenses of conviction alone; and
12             Costs of incarceration and supervision.
13             THE COURT:  Sir, do you understand if you plead
14   guilty you will be subject to the penalties and consequences
15   just set out by the Assistant United States Attorney?
16             THE DEFENDANT:  Yes, ma'am.
17             THE COURT:  Do you understand that if the sentence
18   you get is more than what you expect it to be you will still be
19   bound by your plea of guilty?
20             THE DEFENDANT:  Yes, ma'am.
21             THE COURT:  Having heard all of this, how do you
22   plead to the indictment?  Guilty or not guilty?
23             THE DEFENDANT:  Guilty.
24             THE COURT:  Before I can recommend to Judge Kinkeade
25   that he accept your plea, I have to find that there are enough

 1  facts to support it.
 2          I do have here a factual resume that was filed on
 3  September 23rd.  Do you have a copy there before you?
 4          THE DEFENDANT:  Yes, ma'am.
 5          THE COURT:  Please look with me at page 7 and tell me
 6  if that's your signature above your typed name on that page.
 7          THE DEFENDANT:  Yes, ma'am.
 8          THE COURT:  Before you signed the factual resume, did
 9  you fully read it?
10          THE DEFENDANT:  Yes, ma'am.
11          THE COURT:  Did you fully discuss it with Mr. Hyde
12  and ask him any questions you had about it?
13          THE DEFENDANT:  Yes, ma'am.
14          THE COURT:  Were you comfortable that you fully
15  understood everything set out here in the factual resume before
16  you signed it?
17          THE DEFENDANT:  Yes, ma'am.
18          THE COURT:  Are the facts that are listed here true
19  and correct?
20          THE DEFENDANT:  Yes, ma'am.
21          THE COURT:  You have the right to have them read out
22  loud to you at this time, but you may waive the reading of the
23  factual resume.  What would you like to do?
24          THE DEFENDANT:  Waive.
25          THE COURT:  Being satisfied with the responses given

1  during this hearing, I make the following finding on the
2  record:
3            In the case of the United States of America versus
4  Bilal Abood, Case 3:15-CR-256-K, Mr. Abood is fully competent
5  and capable of entering an informed plea.  His plea of guilty
6  to the indictment is a knowing and voluntary plea supported by
7  an independent basis in fact that contains each of the
8  essential elements of the offense charged in the superseding
9  indictment.
10           The Court, therefore, recommends that his plea of
11 guilty be accepted, and if it is, he will be adjudged guilty of
12 the offense charged in the superseding indictment.
13           I have signed a written recommendation to Judge
14 Kinkeade that he accept your plea of guilty, and I have signed
15 a second copy that was just served on you.
16           If you have any objections to my recommendation, you
17 will have 14 days from today to file those objections through
18 your attorney.
19           As I explained earlier, the Probation Office will now
20 prepare the presentence report to help the District Judge at
21 sentencing.  You will be asked to give information for that
22 report, and your degree of cooperation could be a factor in the
23 severity of your sentence.
24           Through your attorney you'll get a copy of that
25 report well before sentencing, and through him you'll have the

1  opportunity to file any objections that you think are
2  appropriate.
3         You are set for sentencing -- let's see.  I don't
4  have the scheduling order.  Judge Kinkeade's chambers will
5  issue a scheduling order that sets the sentencing deadline as
6  well as the other deadlines.  And Mr. Hyde will make sure that
7  you're kept notified of those deadlines.
8         Do you have any questions about anything we've
9  covered here today, Mr. Abood?
10         THE DEFENDANT:  No, ma'am.
11         THE COURT:  Mr. Hyde, anything else?
12         MR. HYDE:  No, Your Honor.
13         THE COURT:  Mr. Penley?
14         MR. PENLEY:  Nothing further from the Government,
15  Your Honor.
16         THE COURT:  Good luck to you, sir.
17         THE DEFENDANT:  Thank you, ma'am.
18         THE COURT:  We are adjourned.
19         (Hearing adjourned)
20
21
22
23
24
25

1                              INDEX
2   Essential elements read.................................. 10
3   Plea received............................................ 13
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1    I, TODD ANDERSON, United States Court Reporter for the
2 United States District Court in and for the Northern District
3 of Texas, Dallas Division, hereby certify that the above and
4 foregoing contains a true and correct transcription of the
5 proceedings in the above entitled and numbered cause.
6    WITNESS MY HAND on this 2nd day of June, 2017.

10                     /s/Todd Anderson
                       TODD ANDERSON, RMR, CRR
                       United States Court Reporter
11                     1100 Commerce St., Rm. 1625
                       Dallas, Texas  75242
12                     (214) 753-2170